## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT ARCENEAUX, JR., | § | |
| ARISTOS PETROS, AND | § | |
| G59 MERCHANDISING, LLC, | § | Case No.: |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| VARIOUS JOHN DOES, JANE DOES | § | |
| AND XYZ COMPANIES, | § | |
| | § | |
| | § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

_____

### PLAINTIFFS' COMPLAINT FOR TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; GEORGIA UNFAIR DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION

_____

Plaintiffs Scott Arceneaux Jr., Aristos Petros and G59 Merchandising, LLC (collectively, "**Plaintiffs**" or the "**SSB Parties**"), by and through their attorneys, Fox Rothschild LLP, for their complaint and application for *ex parte* temporary restraining order, preliminary injunction and seizure order against Defendants

Various John Does, Jane Does and XYZ Companies (collectively, the "**Defendants**"), hereby state and allege as follows:

## JURISDICTION AND VENUE

1.     The claims set forth herein arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., as well as the statutory and common law of this state. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as the federal trademark claims herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims in this civil action.

2.     This Court has personal jurisdiction over the Defendants, who, upon information and belief, are or will be found conducting business in this District, and are or will be performing the acts of infringement, unfair competition and deceptive trade practices in this District and as set forth in this Complaint.

3.     Venue is proper in this District, which encompasses the State Farm Arena in Atlanta, Georgia, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims herein have occurred, and will occur, in this District.

148082827.1

## THE PARTIES

4.      Plaintiff Scott Arcenaux, Jr. ("**Arceneaux**") is an individual and a resident of the State of Louisiana. Arceneaux is a member of the musical recording and live concert touring duo "The $uicideboy$" ("**SSB**") and is professionally known as "Scrim".

5.      Plaintiff Aristos Petros ("**Petros**") is an individual and a resident of the State of Louisiana. Petros is a member of the musical recording and live concert touring duo SSB professionally known "Ruby Da Cherry".

6.      Plaintiff G59 Merchandising, LLC ("**G59**") is a Louisiana limited liability company with its principal place of business located in Los Angeles, California. G59 is 100% owned by Arcenaux and Petros, and is the entity through which they market and sell merchandise, including, without limitation, clothing and other products bearing the names, likenesses, images, trademarks and logos of the SSB parties at concert engagements throughout the United States.

7.      Upon information and belief, Defendants Various John Does and Jane Does are residents of or transact and do business in and/or will be present in Atlanta, Georgia to sell Counterfeit and Bootleg Merchandise (as defined below) on or before an SSB concert on August 26, 2023, or are now conspiring to travel and otherwise traveling to the other states listed in Paragraph 17 below to sell counterfeit and

148082827.1

Bootleg Merchandise during the SSB 2023 Tour (as defined below), and are subject to the jurisdiction of this Court.  The identities of the Various John Does and Jane Does are not presently known.

8.    Upon information and belief, Defendants Various XYZ Companies, through their agents and employees, transact and do business in and/or will be present in Atlanta, Georgia to sell Counterfeit and Bootleg Merchandise on or before August 26, 2023, or are now conspiring to travel and otherwise traveling to the other states listed in Paragraph 17 below to sell Counterfeit/Bootleg Merchandise during the SSB 2023 Tour, and are subject to the jurisdiction of this Court.  The identities of the Various XYZ Companies are not presently known.

## FACTUAL BACKGROUND

9.    The SSB Parties are the exclusive owners of all right, title and interest in the trademarks, service marks, designs, logos, copyrights, domain names and rights of publicity relating to the group and the artists' individual stage names, record label, album titles, song titles and related marks of the SSB, including, without limitation, the registered trademarks **$UICIDEBOY$** and logo design (U.S. Trademark Reg. No., 5,967,818), **G59** and logo design (U.S. Trademark Reg. No. 5,938,446), **G59 RECORDS** (U.S. Trademark Reg. No. 5,938,445) (collectively, the "**SSB Registered Marks**"), the common law trademarks and logo designs for

**GREYFIVENINE**, **GREY59**, **G59 GREYDAY** and related marks (collectively, the "**SSB Common Law Marks**").  Copies of U.S. Trademark Registrations for the registered marks of the SSB Parties are attached hereto as Exhibit A.

10.    Since at least as early as 2014, the SSB Parties have expended great effort, expense and time in the promotion, marketing and advertising of *The $uicideboy$* and their various trademarks, logos, designs, brands, names, likenesses and images, for musical sound recordings, live musical performances, clothing, and other related merchandise. For example, a recent Billboard article entitled "How the $uicideboy$ Became a Multimillion-Dollar Brand" reported that as of October 2021, SSB sound recordings had an estimated 5.3 billion streams, and their recent concert tour had sold over 500,000 tickets.[1]  As of August 21, 2022, *The $uicideboy$* were the 126th most-streamed musical artist on the streaming service Spotify, with over 7.15 billion streams.[2]

11.    *The $uicideboy$* have earned one certified Platinum Record (1,000,000 copies sold), five certified Gold Records (500,000 copies sold) and two recently certified Gold Albums (500,000 copies sold) from the Recording Industry Association of American ("RIAA").[3]

---

[1] *See* www.billboard.com/music/music-news/suicideboys-new-album-headlining-tour-2021-interview-9649488/.)
[2] *See* https://chartmasters.org/most-streamed-artists-ever-on-spotify/,
[3] *See* https://www.riaa.com/gold-platinum/?tab_active=default-award&se=%24UICIDEBOY%24#search_section

148082827.1

12.    The SSB Parties have sold many millions of Dollars in merchandise bearing their various trademarks, logos, designs, brands, and the name, likeness and image rights of Arceneaux and Petros. During the current tour, the SSB Parties have sold and will sell approximately $120,000.00 to $200,000.00 in merchandise at each concert performance.

13.    To date the SSB parties have sold over 1,000,000 tickets to concerts of live performances of the SSB.

14.    Due to the enormous success and popularity of SSB, Plaintiffs have regularly received financially lucrative offers to license Plaintiffs' marks, images and other intellectual property rights for concert merchandise and otherwise. However, Plaintiffs are careful to limit such merchandising activities only to products of the highest quality and pursuant to arrangements by which they maintain complete control over the manner in which its name and likenesses are presented, in line with the high regard in which the SSB name and marks are held in the popular music industry.

15.    As a result of such sales and distribution, as well as the SSB's enormously popular concert tours and recordings, the marks, logos and SSB names and images have developed and now possess a secondary and distinctive meaning to purchasers of their merchandise.

148082827.1

16.    The SSB Parties have scheduled another concert tour for 2023 (the "**SSB 2023 Tour**"), including concerts in Atlanta, Georgia on August 26, 2023. The 2023 Tour continues with concerts in many other venues across the country.

17.    The concerts of the SSB 2023 Tour have been highly publicized and several of them are already sold out or close to selling out. The SSB will perform before hundreds of thousands of people during the SSB 2023 Tour, and to date approximately $500,000 tickets have already been sold. In addition, the SSB Parties will manufacture, distribute and sell authentic merchandise at all of its concerts during the SSB 2023 Tour, as follows.

| DATES | VENUE |
|---|---|
| August 25, 2023 | Legacy Arena at the BJCC, Birmingham, AL |
| August 26, 2023 | State Farm Arena, Atlanta, GA |
| August 27, 2023 | VyStar Veterans Arena, Jacksonville, FL |
| August 29, 2023 | Amalie Arena, Tampa, FL |
| August 30, 2023 | Fla Live Arena, Sunrise, LA |
| September 1, 2023 | Smoothie King Center, New Orleans, LA |
| September 3, 2023 | Toyota Center, Houston, TX |
| September 5, 2023 | Spectrum Center, Charlotte, NC |
| September 6, 2023 | Chartway Arena, Norfolk, VA |
| September 9, 2023 | TD Garden, Boston, MA |
| September 12, 2023 | Capital One Arena, Washington, DC |
| September 13, 2023 | Madison Square Garden, New York, NY |
| September 15, 2023 | Little Caesars Arena, Detroit, MI |
| September 16, 2023 | PPG Paints Arena, Pittsburgh, PA |
| September 17, 2023 | Heritage Bank Center, Cincinnati, OH |
| September 19, 2023 | Bridgestone Arena, Nashville, TN |
| September 20, 2023 | Gainbridge Fieldhouse, Indianapolis, IN |
| September 22, 2023 | United Center, Chicago, IL |

148082827.1

| | |
|---|---|
| September 23, 2023 | Target Center, Minneapolis, MN |
| September 24, 2023 | Fiserve Forum, Milwaukee, WI |
| September 27, 2023 | T-Mobile Center, Kansas City, MO |
| September 29, 2023 | Enterprise Center, St. Louis, MO |
| September 30, 2023 | CHI Health Center, Omaha NE |
| October 1, 2023 | Paycom Center, Oklahoma City, OK |
| October 3, 2023 | AT&T Center, San Antonio, TX |
| October 4, 2023 | American Airlines Center, Dallas, TX |
| October 6, 2023 | Phoenix Raceway, Avondale, AZ |
| October 7, 2023 | Thomas & Mack Center, Las Vegas, NV |
| October 8, 2023 | Penchanga Arena, San Diego, CA |
| October 11, 2023 | Kia Forum, Inglewood, CA |
| October 12, 2023 | Kia Forum, Inglewood, CA |
| October 13, 2023 | Chae Center, San Francisco, CA |
| October 14, 2023 | Golden 1 Center, Sacramento, CA |
| October 16, 2023 | Climate Pledge Arena, Seattle, WA |
| October 18, 2023 | Moda Center, Portland, OR |
| October 20, 2023 | ExtraMile Arena, Boise, ID |
| October 22, 2023 | Delta Center, Salt Lake City, UT |
| October 25, 2023 | Moody Center ATX, Austin, TX |
| October 27, 2023 | Tingley Center, Albuquerque, NM |
| October 28, 2023 | Tingley Center, Albuquerque, NM |
| October 30, 2023 | Red Rocks Amphitheater, Morrison, CO |
| October 31, 2023 | Red Rocks Amphitheater, Morrison, CO |

18.    Since the inception of the SSB's popularity starting in 2014, the SSB

concert tours have been plagued by individuals who sell unauthorized merchandise

near, at and sometimes inside concert venues. These individuals are commonly

referred to as "Bootleggers" and their activities are known as "Bootlegging."  The

merchandise sold by Bootleggers bearing unauthorized copies of Plaintiffs' Marks

148082827.1

is referred to as "Bootleg Merchandise" or "Unauthorized Merchandise" or "Counterfeit Merchandise" (hereinafter "**Bootleg Merchandise**").

19.    Bootleggers are peddlers who, without permission or authorization, misappropriate the names, likenesses, logos, artwork and/or trademarks of performing artists and musical groups for use on merchandise to sell to the general public in order to cash in on such group's commercial value and reputation, all in violation of the rights of those individuals and companies which possess the exclusive right to engage in such commercial activity.

20.    Defendants herein are Bootleggers who have and will manufacture, sell, offer for sale, hold for sale, advertise and/or distribute unauthorized, imitation and inferior Bootleg Merchandise containing the Plaintiff's Marks within the vicinity of the State Farm Arena concert in Atlanta, Georgia, and at all other concerts during the SSB 2023 Tour.

21.    Because they are generally nomadic individuals without permanent business premises, it is impossible to identify Bootleggers prior to a concert and the Bootleggers often flee the area of the concert once they have sold their Bootleg Merchandise. Thus, the SSB Parties have been unable to determine the identities of all Defendants prior to filing this action.

148082827.1

22.    Based upon Plaintiffs' experience in selling concert tour merchandise at similar concerts and performances throughout the country, it is virtually certain that before, during and after each SSB concert during the SSB 2023 Tour, Bootleggers will attempt to distribute and sell Bootleg Merchandise. Plaintiffs' experience and belief proved to be correct in that Bootleg Merchandise was found to be sold at several SSB concerts during the most recent Tours.

23.    This Bootleg Merchandise is of the same general nature and type as Plaintiffs' Merchandise, and so related and similar to the genuine Plaintiffs' Merchandise that Defendants' use is likely to cause confusion, to cause mistake and to deceive consumers into believing Bootleg Merchandise is associated with, sponsored by or endorsed by Plaintiffs.

24.    Defendants' Bootleg Merchandise is inferior in quality, and its sale will be damaging to the reputation which Plaintiffs have developed in connection with its sale of authentic Merchandise and to the goodwill Plaintiffs have developed in the SSB Registered and Common Law Marks.

25.    These unauthorized sales of Bootleg Merchandise are likely to create confusion and/or misunderstanding by its purchasers regarding its source and sponsorship.

26.     Upon information and belief, Defendants have been transacting and continue to transact business, and have been and continue to infringe Plaintiffs' rights in the Plaintiffs' marks in this District and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in interstate commerce including from Bootleg Merchandise sold in this District.

## CLAIMS AND CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT UNDER (15 U.S.C. §1114)

27.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28.     The SSB Marks are highly distinctive and arbitrary, of great value throughout the United States, and have become universally associated in the public mind with the products and services of the SSB Parties.

29.     Defendants have constructive notice of the SSB registered marks, **$UICIDEBOY$** and logo design (U.S. Trademark Reg. No., 5,967,818), **G59** and logo design (U.S. Trademark Reg. No. 5,938,446), **G59 RECORDS** (U.S. Trademark Reg. No. 5,938,445), pursuant to 15 U.S.C. § 1072.

148082827.1

30.    On information and belief, Defendants also have actual notice of Plaintiffs' rights in the common law trademarks and logo designs for **GREYFIVENINE**, **GREY59**, **G59 GREYDAY** and related marks.

31.    Without Plaintiffs' authorization or consent, Defendants have manufactured, distributed, offered for sale, held for sale, advertised and/or sold the Bootleg Merchandise to the consuming public in commerce, and/or will manufacture, distribute, offer for sale, hold for sale, advertise and sell such merchandise during the SSB 2023 Tour, including at State Farm Arena in Atlanta, Georgia, in direct competition with Plaintiffs' sale of its genuine Merchandise.

32.    Defendants' use of copies or simulations of the SSB Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Bootleg Merchandise and is likely to deceive the public into believing that the Bootleg Merchandise being sold by Defendants originates from, is associated with or otherwise is authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

33.    On information and belief, Defendants' conduct has been or will be in malicious, fraudulent, deliberate, willful and intentional disregard of Plaintiffs'

148082827.1

rights, making this an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

34.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined and the Bootleg Merchandise seized, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation. Plaintiffs cannot be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law for Defendants' infringement of their rights. Plaintiffs are entitled to injunctive relief, and order for seizure, as well as attorneys' fees and damages, which may be trebled.

## SECOND CLAIM FOR RELIEF

## (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER (15 U.S.C. § 1125(a))

35.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

36.     Defendants have manufactured, distributed, offered for sale, held for sale, advertised, and sold and/or will manufacture, distribute, offer for sale, hold for sale, advertise and sell Bootleg Merchandise which bears unauthorized copies of Plaintiffs' Marks at State Farm Arena in Atlanta, Georgia, and at all concerts to be performed by SSB during the SSB 2023 Tour, without Plaintiffs' authorization, and

as such, Defendants' use is likely to cause confusion to the general purchasing public.

37.    By misappropriating and using the Plaintiffs' Marks, Defendants misrepresent and falsely describe to the general public the origin and source of the Bootleg Merchandise and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

38.    Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Bootleg Merchandise creates express and implied representations that the Bootleg Merchandise was created, authorized or approved by Plaintiffs, all to Defendants' profit and Plaintiffs' great damage and injury.

39.    Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiffs' Marks, in connection with Defendants' goods and services sold in interstate commerce, constitutes a false designation of origin and unfair competition.

40.    On information and belief, Defendants' conduct has been or will be in malicious, fraudulent, deliberate, willful and intentional disregard of Plaintiffs'

rights, making this an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

41.    Plaintiffs have no adequate remedy at law, and, if not enjoined, Defendants' activities will cause immediate and irreparable injury to Plaintiffs. Plaintiffs cannot be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law for Defendants' infringement of their rights. Plaintiffs are entitled to injunctive relief, an order for seizure, as well as attorneys' fees and damages, which may be trebled.

## THIRD CLAIM FOR RELIEF

## (FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

42.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

43.    The Plaintiffs' Marks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) and have been famous marks prior to Defendants' conduct as alleged herein.

44.    Defendants' manufacture, distribution, sale, advertisement, holding and/or offer for sale in commerce of Bootleg Merchandise dilutes the distinctive

148082827.1

quality of the Plaintiffs' Marks, and was or will be done with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of the Plaintiffs' Marks.

45.    Defendants' acts constitute knowing and willful violation of Plaintiffs' rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation. Plaintiffs cannot be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law for Defendants' infringement of its rights. Plaintiffs are entitled to injunctive relief, an order for seizure; as well as attorneys' fees and damages, which may be trebled.

## FOURTH CLAIM FOR RELIEF

## (DECEPTIVE TRADE PRACTICES IN VIOLATION OF GEORGIA LAW)

47.    Plaintiffs repeats and realleges the foregoing allegations as if fully set forth herein.

48.    Defendants' manufacture, distribution, sale, advertisement, holding and/or offer for sale in commerce of Bootleg Merchandise has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendants' Bootleg Merchandise, and furthermore has caused a likelihood of confusion or of misunderstanding for consumers as to affiliation,

connection, or association with or certification by the SSB Parties, in violation of

O.C.G.A. § 10-1-372 (the "**Georgia Uniform Deceptive Trade Practices Act**").

49.    Defendants' deceptive trade practices have caused and continue to cause irreparable damages to the SSB Parties.

50.    On information and belief, Defendants have enjoyed or will enjoy substantial profits attributable to their deceptive trade practices, profits that should be disgorged to the SSB Parties.

51.    Unless restrained and enjoined by this Court, Defendants will persist in their deceptive trade practices, thereby causing the SSB Parties further irreparable harm.

52.    Defendants' deceptive trade practices have caused and continue to cause irreparable harm to the SSB Parties, for which the SSB Parties have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## (COMMON LAW UNFAIR COMPETITION)

53.    Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

54.    Defendants' manufacture, distribution, sale, advertisement, holding and/or offer for sale in commerce of Bootleg Merchandise has caused a likelihood

148082827.1

of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendants' Bootleg Merchandise, and constitutes unfair competition under Georgia common law. Defendants' deceptive trade practices have caused and continue to cause irreparable damages to the SSB Parties.

55.    On information and belief, Defendants have enjoyed or will enjoy substantial profits attributable to their unfair competition, profits that should be disgorged to the SSB Parties.

56.    Unless restrained and enjoined by this Court, Defendants will persist in their acts of unfair competition, thereby causing the SSB Parties further irreparable harm.

57.    Defendants' acts of unfair competition have caused and continue to cause irreparable harm to the SSB Parties, for which the SSB Parties have no adequate remedy at law.

## DEMAND FOR JURY TRIAL

58.    Plaintiffs demand a trial by jury of all triable claims.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1.    That this Court issue a temporary restraining order, preliminary injunction and permanent injunction prohibiting the Defendants, their agents,

148082827.1

servants, employees, officers, attorneys, successors and assigns and all persons acting on the Defendants' behalf from:

(a)    manufacturing, distributing, offering for sale, holding for sale, advertising, or selling any clothing, jewelry, photographs, posters, recordings, and other merchandise bearing unauthorized copies of the Plaintiffs' Marks, or any colorable imitation thereof ("Bootleg Merchandise");

(b)    representing that any article of Bootleg Merchandise manufactured, distributed, sold, held for sale or advertised by the Defendants is sponsored or authorized by the Plaintiffs; and

(c)    otherwise using the Plaintiffs' Marks in any manner likely to cause confusion as to the source, origin, sponsorship or affiliation of any products manufactured, distributed, held for sale, offered for sale or sold by Defendants.

2.    That this Court issue an order permitting seizure of the Bootleg Merchandise by the U.S. Marshal, federal officers, or state and local authorities as

148082827.1

set forth in this motion and proposed order submitted herewith in connection with Plaintiffs' application for a temporary restraining order.

3.    That Plaintiffs be afforded such other relief to which it is entitled pursuing to 15 U.S.C. § 1116.

4.    That Plaintiffs recover damages arising out of Defendants' infringement and unfair competition, and that such award be trebled pursuant to 15 U.S.C. § 1117.

5.    That Defendants be ordered to conduct a full accounting, including, but not limited to, an accounting of all revenue and profits derived from Defendants' manufacture, distribution, offer for sale or sale of Bootleg Merchandise and that Plaintiffs be awarded Defendants' profits as a consequence of the acts of infringement and that such award be trebled pursuant to 15 U.S.C. § 1117.

6.    That Plaintiffs be awarded its reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117 and the Georgia Uniform Deceptive Trade Practices Act.

7.    That Defendants be ordered to deliver up for destruction all Bootleg Merchandise and the means of reproducing same following final judgment in this action pursuant to 15 U.S.C. § 1118.

148082827.1

8.      That the Court grant such other relief to which the Plaintiffs may be entitled, or as the Court deems to be reasonable, necessary and just.

Dated:  August 7, 2023

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Leron E. Rogers*
Leron E. Rogers
Georgia Bar No. 482620
John T. Rose
Georgia Bar No. 488623

999 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
lrogers@foxrothschild.com
jrose@foxrothschild.com
T: 404-876-4567
F: 404-962-1200

Timothy C. Matson (*Pro Hac Vice* to be filed)
Minnesota Bar No. 225423
**FOX ROTHSCHILD LLP**
33 South 6th Street
Suite 3600
Minneapolis, MN 55402
tmatson@foxrothschild.com
T:  612-607-7064
F:  612-607-7100

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that **Plaintiffs' Complaint for Trademark Infringement; Federal Unfair Competition and False Designation of Origin; Georgia Unfair Deceptive Trade Practices and Unfair Competition** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and that this has been typed in Times New Roman 14 count.

*/s/ Leron E. Rogers*
Leron E. Rogers
Georgia Bar No. 482620
Attorney for Plaintiffs

148082827.1